■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REMILIO OLIVIERE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered April 29, 1987, convicting him of manslaughter in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the defendant's conviction of manslaughter in the

first degree from 4 to 12 years to 2 to 6 years; as so modified, the judgment is affirmed.

We find that suppression of the defendant's statements was properly denied. Although the defendant contends that he did not voluntarily waive his right to remain silent, such claim was in direct contradiction of the testimony of the police officer involved in the arrest. Much weight is to be accorded to the determination of the hearing court whose findings are not to be set aside unless they are clearly erroneous *(see, People v Roth,* 139 AD2d 605, 606; *People v Armstead,* 98 AD2d 726). We cannot conclude from the record that the determination of the hearing court to credit the officer's testimony over that of the defendant was error *(see, People v Roth, supra).*

Under the unusual circumstances of this case, we find that the sentence was excessive to the extent indicated. Mollen, P. J., Thompson, Lawrence and Kunzeman, JJ., concur.